UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No: 8:25-Cr-557-JLB-AEP


GREGORY FORMICONE
_____/

### DEFENDANT'S MOTION IN LIMINE

**COMES NOW,** the Defendant, GREGORY FORMICONE, by and through

his undersigned counsel, pursuant to the Court's Final Criminal Pretrial Scheduling

Order (Doc. 49), and files this Motion in Limine, and sets forth the following:


**Defendant's First Motion to Exclude Opinion Testimony that Certain Online
Postings Were "Threats" or "Concerning" or "Egregious"**


Mr. Formicone moves this Honorable Court for an Order prohibiting the

United States from soliciting, and/or preventing witnesses called by the United

States from offering opinion testimony at trial that certain online postings, allegedly

written by Mr. Formicone, were "true threats," "threats," "concerning,"

"egregious," or by any other opinion testimony arising to a legal conclusion.

Mr. Formicone has been indicted on a single count alleging that Mr.

Formicone made an interstate communication of a threat to injure. (Doc. 17).  The

Indictment specifically alleges that Mr. Formicone transmitted a communication

containing a "true threat to injure the person of another" and that Mr. Formicone made the statement "with the intent to communicate a true threat and with recklessness…" (Doc. 17).  The United States is therefore required to prove that Mr. Formicone sent a "true threat" and that he had the intent to communicate a "true threat or with the knowledge it would be viewed as a true threat." (See 11th Circuit Standard Criminal Jury Instruction O30.3).

The jury at trial in this matter is tasked with the responsibility of determining whether the communication was a "true threat" and whether Mr. Formicone had the intent to communicate a "true threat."  Therefore, a lay witnesses opinion, and law enforcement's opinion, as to whether a communication was a "true threat" is testimony that invades the province of the jury and should be barred by Federal Rule of Evidence 403.  Further, testimony that certain posts were "true threats," "threats," "concerning," "egregious," or by any other characterization would be vague and are adjectives that serve no purpose for the jury's consideration in this matter.

Similarly, an issue for the jury in this matter is to what Mr. Formicone's intent was, i.e., did he intend to make a "true threat."  In Counterman v. Colorado, the United States Supreme Court held that in true threat cases the Government must prove that a charged defendant had some subjective understanding of a statements threatening nature. 600 U.S. 66 (2023).  Therefore, the objective belief of other witnesses at trial is not relevant to the jury's determination and further any probative

value of the testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Position of the United States

The undersigned counsel has conferred with Assistant United States Attorney, Muriel Moore, who has advised undersigned that the United States opposes the Defendant's First Motion.

**Defendant's Second Motion to Exclude Photographs of Firearms and Ammunition Recovered from Mr. Formicone's Cell Phone Extraction**

Mr. Formicone moves for an Order prohibiting the United States from presenting photographs recovered from Mr. Formicone's cell phone depicting firearms and/or ammunition.  The evidence is not relevant to the charged conduct and any relevance is substantially outweighed by the danger of unfair prejudice or misleading the jury.

Following a cell phone extraction of Mr. Formicone's cell phone, law enforcement recovered images of firearms and ammunition from the device.  The images have no tendency to make a fact more or less probable in this case, and further, the fact is of no consequence in determining guilt or innocence in this matter.

Mr. Formicone is charged with making an online written threat.  There is no evidence that Mr. Formicone ever intended to act on this threat or that he took any steps at all to carry out a threat.  The images recovered from the phone, are just that, images, unrelated to the charges in the Indictment.

Further, when Mr. Formicone was arrested, no firearms were taken by law enforcement.  There would be no evidence presented at trial that the firearms and ammunition depicted in the images were even in the possession of Mr. Formicone at the time of arrest.  Any reference to the images recovered from the cell phone would be simply a ruse by the United States to present improper character evidence that because Mr. Formicone had images of firearms and ammunition on his cell phone, the jury should fear him, or be scared that he actually intended to make a "true threat" as the United States alleges.

Position of the United States

The undersigned counsel has conferred with Assistant United States Attorney, Muriel Moore, who has advised undersigned that the United States does not oppose the Defendant's Second Motion; however, AUSA Moore advised undersigned that in the event the United States believes this matter becomes relevant at trial, the United States will seek the Court's reconsideration of this matter.

**Defendant's Third Motion to Exclude Online Messages Recovered from Mr. Formicone's Social Media Accounts Which are Unrelated to the Charged Conduct in this Matter**

The United States has produced, as part of Discovery in this matter, numerous online postings recovered from Mr. Formicone's social media accounts.  Many of those postings relate to uncharged conduct, and if that evidence were permitted at trial, would serve no purpose other than to prejudice and mislead the jury.

For example, some of the postings involve online "disputes" or "arguments" with Mr. Formicone and other individuals.  The postings provided show only Mr. Formicone's postings, and do not provide the entirety of the "back and forth" to put the postings in context.  Without providing the full context of the conversation, Mr. Formicone's responses are misleading and can be taken out of context.

Additionally, some of the postings are politically motivated and express Mr. Formicone's opinions about the Democratic party.  To the undersigned's knowledge, unlike other threat cases, Mr. Formicone is not accused of "threatening" the Democratic party as a whole.  To permit these politically charged postings would do nothing more than turn this trial into a political platform and mislead the jury as to what the issues to be decided truly are.

<u>Position of the United States</u>

The undersigned counsel has conferred with Assistant United States Attorney, Muriel Moore.  At this time, the parties believe they can arrive at an agreed upon resolution/stipulation as to certain messages the Government may seek to introduce as 404(b) evidence.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Elizabeth M. Warren, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 22nd day of July, 2026.

_____/s/ David E. Little_____
DAVID E. LITTLE, ESQUIRE
Brown Doherty Little
9600 Koger Blvd. N., Ste. 235
St. Petersburg, FL  33702
(727) 299-0099, Ext. 2
FBN 0089124
david@lawbdl.com