UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cr-557-JLB-AEP

GREGORY FORMICONE

## UNITED STATES' NOTICE AND MOTION IN LIMINE TO ALLOW EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

The United States, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, provides notice and moves in limine to introduce evidence of other crimes, wrongs, or acts, under Federal Rules of Evidence Rule 404(b).

Gregory Formicone is charged with interstate communication of a threat to injure another person, in violation of 18 U.S.C. § 875(c). The offense is alleged to have occurred on or about October 20, 2025.

### Overview of the evidence

The United States anticipates the evidence at trial will establish that the defendant used Disqus, a social media platform that operates in interstate commerce, to post comments on The Gateway Pundit, a politically oriented website. On or about October 20, 2025, he used Disqus to post a comment on an article entitled, "NEW: Biden Judge Gives James Comey His First Win" threatening injury to James Comey. Specifically, Formicone posted, "if he

1

skates and walks on the beach again, he's going down! We already have a team on it. Time for the American people to administer justice!"

**Evidence Admissible Under Fed. R. Evid. 404(b)**

Pursuant to a search warrant, Disqus provided content posted to Formicone's account between August 12, 2025, and November 19, 2025. The search warrant returned 280 comments authored by Formicone and posted to articles on The Gateway Pundit, many of which were similar in tone and content to the charged comment. Of those 280 comments, the United States seeks to offer the following four statements posted by Formicone to estasblish Formicone's knowledge, purpose, and intent, and to prove that the threat was not posted by accident or mistake.

- September 2, 2025, 5:34:49 P.M. UTC: "Man you are a stupid Moron. I live right up the road from you in Venice. i now have you picture and all of your family's information. Best part is, is that you won't even see it coming. Man you're dumb. Haha".

- September 5, 2025, 9:12:59 P.M. UTC: "I'm 6'5"; 265lbs, retired Army, 4th degree black belt and can kill anyone 34 different ways with my hands. I've seen your comments and you run your mouth pretty good.I am afraid of no one and I stand by me statement. one lethal strike and

2

the evil in the world perishes. People like you make good keyboard warriors but that's about it."

- September 11, 2025, 4:12:16 P.M. UTC: "I'm so sick of the tone it down and let's all get along bull! Actions speak louder than words. They tried to kill Trump twice, and now Charlie. The two white women killed at the hands of black and so much more as ignited a powder keg. Gateway Pundit can send this to "Pending" again but all that does is tell me that this is a bull crap commie platform."

- October 26, 2025, 1:38:10 P.M. UTC: "It's so easy to remove people from life. Let's get on it."

<u>Position of Defense Counsel</u>

Undersigned counsel has conferred with counsel for the defense, David Little. While there is no stipulation at this time, the parties believe they may be able to come to an agreement as to which uncharged comments would appropriately be admissible as 404(b) evidence.

## **LEGAL MEMORANDUM AND ANALYSIS**

Rule 404 of the Federal Rules of Evidence applies to the use of character evidence and evidence of other crimes, wrongs, or acts. It provides:

**(b) Other Crimes, Wrongs, or Acts.**

**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show

that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit has articulated a three-prong analysis for evidence of other crimes, wrongs, or acts:

(1) the evidence must be relevant to an issue other than defendant's character;

(2) the government must offer sufficient proof so that the jury could find that defendant committed the act;

(3) the probative value must not be substantially outweighed by its undue prejudice.

*United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).[1]  The Supreme Court has also endorsed this test. *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The principles are the same whether the extrinsic conduct occurs before or after the charged offense and regardless of whether the activity gave rise to criminal liability. *U.S. v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Proof of

---

[1] In some cases, the Eleventh Circuit has listed the second and third prongs in a different order, with the proof of the prior act as the third prong and the weighing of undue prejudice against probative value as the second prong. *See e.g., United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008), and *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

conviction is sufficient evidence for the jury to find that the defendant committed the act. *Id.*; *See also U.S. v. Zapata*, 139 F.3d 1355, 1358 (11th Circuit 1998) (finding that documents proving the conviction is sufficient evidence).

Rule 404(b) is a rule of inclusion. *United States v. Perez–Tosta,* 36 F.3d 1552, 1562 (11th Cir.1994) (noting that Rule 404(b) is a rule of inclusion and, like other relevant evidence, 404(b) evidence should not lightly be excluded when it is central to the prosecution's case). A district court's decision to admit or exclude such evidence is reviewed for abuse of discretion. *U.S. v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995). The 404(b) evidence must be relevant, but a preliminary finding under Rule 104 that the government has proved the other crime, wrong or act is not required. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 1501 (1988).

Relevance is a function of the similarity of the extrinsic evidence to the offense charged. "In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.' Therefore, similarity, and hence relevancy, is determined by the inquiry or issue to which the extrinsic offense is addressed." *United States v. Beechum*, 582

5

F.2d 898, 911 (5th Cir. 1978) (citing Stone, The Rule of Exclusion of Similar

Fact Evidence: England, 46 Harv.L.Rev. 954, 955 (1933)).

> *404(b) Evidence is Admissible for Other Purposes Not Listed in the Rule*

Rule 404(b) provides specific purposes for which extrinsic evidence may

be admitted, such as proving motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid.

404(b)(2). The list provided in the rule is not exhaustive and the range of

relevancy is almost infinite. *United States v. Stephens*, 365 F.3d, 967, 975 (11th

Cir. 2004). For example, Rule 404(b) evidence may also be admitted to

corroborate the testimony of key witnesses, rehabilitate credibility, and rebut

an argument that the witness falsely testified to get a benefit from the

government. *See United States v. Pineda*, 843 F. Appx 174, 182 (11th Cir. 2021)

(unpublished opinion affirming Rule 404(b) evidence admitted to corroborate

the testimony of a key government witness and to rehabilitate credibility by

rebutting argument that the witness falsely testified to get a reduced sentence

from the government); *United States v. McLean*, 138 F.3d 1398, 1405 (11th Cir.

1998) (finding Rule 404(b) evidence properly admitted to corroborate

confidential informant's testimony about the charged crime); and *United States

v. Henderson*, 409 F.3d 193, 1304 (11th Cir. 2005) (finding evidence that the

sheriff who hired the defendant was removed from office for fraud was

properly admitted, as it was not used to show bad character or "guilt by association," but was used to rehabilitate the credibility of a detective impeached by the defense for having been disciplined by the sheriff).

### *The Relevance of Formicone's Other Comments*

In this case, Rule 404(b) evidence is relevant to prove the following elements of the crime charged in the indictment:

(1)     the Defendant <u>knowingly</u> sent a message in interstate commerce <u>containing a true threat</u> to injure the person of another; and

(2)     the Defendant sent the message <u>with the intent to communicate a true threat or with recklessness as to whether it would be viewed as a true threat.</u>

Formicone's previous comments are relevant to prove his knowledge, purpose, and intent when posting the charged threat, and to prove that the threat was not posted by accident, mistake, or misunderstanding.

### *Knowledge, Motive, and Intent*

By pleading not guilty, the defendant has made his intent a material issue, and the government bears the burden of proving the requisite intent for the crimes charged in the indictment. *See United States v. Delgado*, 56 F.3d 1357, 1365 (11th Circuit 1995) (stating that a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government

7

to prove intent, which it may prove through 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue).

When intent to commit the charged offense is an issue, the relevancy of the extrinsic offense derives from the defendant having the same state of mind in the perpetration of both the extrinsic and charged offenses. *United States v. Beechum*, 582 F.2d at 911. A not guilty plea renders the defendant's intent a material issue, and evidence that may be probative of a defendant's state of mind is admissible unless the defendant affirmatively removes the issue from the case. *U.S. v. Roberts*, 619 F.2d 379 (5th Cir. 1980). A not guilty plea and claim of lack of participation in the charged crime places intent at issue, and evidence that a defendant committed a similar type of crime on another occasion is admissible to prove the defendant's state of mind. *See U.S. v. Smith*, 741 F.3d 1211, 1225 (noting there is ample precedent in this circuit that a not guilty plea in a drug conspiracy case puts intent at issue and makes admission of prior drug-related offenses highly probative evidence of a defendant's intent, even where the prior conviction is many years old); *U.S. v. Durham*, 554 Fed. Appx. 901 (11th Cir. 2014) (unpublished opinion finding defendant's conviction for attempted bank robbery admissible under Rule 404(b) in a trial for attempted bank robbery since the evidence was relevant to establish intent, state of mind for the prior offense and the charged offense were the same, the

prior offense occurred within five months of the charged offense, and any unfair prejudice was mitigated by the district court's instructions to the jury); and *U.S. v. Holmes*, 171 Fed. Appx. 753 (11th Cir. 2006) (unpublished opinion finding that evidence of defendant's involvement in an uncharged bank robbery was admissible in prosecution for bank robbery and possession of a firearm during the commission of a felony where defendant's not guilty plea and claimed lack of participation placed intent at issue and there were similarities between the two crimes).

The government must prove Formicone's intent to commit the crime charged in the Indictment beyond a reasonable doubt. Proof that he on occasions before and after the charged offenses, he posted comments articulating a plan to injure or kill others is highly probative evidence of his knowledge that his posts would be interpreted as a threat and his intent to communicate a threat, not a joke or hyperbolic statement.

The September 11, 2025, post presents particularly relevant evidence that Formicone acted with recklessness. By stating "Gateway Pundit can send this to "pending" *again*" (emphasis added) in a post where he referenced political assassinations and "igniting a powder keg" with the exhortation "actions speak louder than words," Formicone articulated not only his knowledge that his previous posts had been taken down, but also his

9

awareness that this post likely would be, too. Despite that, approximately one month later, Formicone published a comment threatening James Comey.

### Absence of Accident or Mistake

The comments posted by Formicone both before and after the charged threat are relevant to show that he did not post the October 20 threat by accident or mistake, and that he did not subjectively believe that everyone viewing the comment would interpret it as a joke or sarcasm. Formicone's purpose in posting both the charged comment and the comments he published before and after was to present himself as a man whose opinions should be taken seriously because he had the ability to use physical violence against those who opposed him. That purpose and belief is inconsistent with Formicone posting the charged threat through accident, mistake, or misunderstanding.

### Rule 403 Analysis

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Exclusion of evidence under Rule 403 is an extraordinary remedy which should only be used sparingly, and the balance should be struck in favor

of admissibility. *U.S. v. Edouard*, 485 F.3d at 1351, n.8 (citing *U.S. v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006).

When weighing the probative and prejudicial effects of other crime evidence, the strength of the government's case on the issues of knowledge and intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating them, and whether it appeared at the start of trial that the defendant would contest the issue of knowledge or intent are all factors. *United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982). The trial judge has wide discretion in evaluating these factors and will not be reversed on appeal unless the defendant can demonstrate abuse of that discretion. *Id*. Other crimes evidence is not easily excludable where the evidence of the defendant's predisposition to commit the crime is not overwhelming. *United States v. Richardson*, 764 F.2d 1514, 1523 (11th Cir. 1985). Furthermore, when other crimes evidence is admitted, any risk of undue prejudice to a defendant can be reduced by a limiting instruction at the close of evidence. *See Ramirez*, 426 F.3d at 1350, 1354, and *Donelson*, 797 F. App'x at 498–99.

Evidence of the other comments Formicone posted is not unfairly prejudicial. The comments were published using the same platform as the charged comment, on articles from the same publication as the charged comment, close in time to the charged comment, and with similar rhetoric to

the charged comment. It is reasonable for a jury to find that the comments are related to each other. Furthermore, the posting contains Formicone's own words, which the jury may construe and interpret in conjunction with other evidence.

The government is not seeking to introduce the hundreds Any risk of undue prejudice can be reduced by the Court providing the limiting instruction from Eleventh Circuit pattern instruction S4.1:

> During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, and the Defendant committed the acts charged in the indictment by accident or mistake.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   /s/ Muriel R. Moore
Muriel R. Moore
Assistant United States Attorney
Florida Bar No. 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000

Facsimile:    (813) 274-6358
E-mail: muriel.moore@usdoj.gov

**U.S. v. Gregory Formicone      Case No. 8:25-cr-557-JLB-AEP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 22, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Muriel R. Moore*
Muriel R. Moore
Assistant United States Attorney

13

Florida Bar No. 1011050
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: muriel.moore@usdoj.gov

14