UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:25-cr-557-JLB-AEP

GREGORY FORMICONE

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE**

On July 22, 2026, defendant Gregory Formicone filed his Motion in Limine. Doc. 50. The United States opposes the Motion in Limine as it pertains to witnesses' perception of and reactions to Formicone's post and as it pertains to Formicone's additional posts. The United States' argument concerning Formicone's additional posts is articulated in the United States' Notice and Motion in Limine to Allow Evidence of Other Crimes, Wrongs, or Acts. Doc. 51. In support of its position as to the admissibility of witnesses' perception of and reactions to Formicone's post, the United States submits the following memorandum of law.

A.    **THE REACTIONS OF PEOPLE WHO VIEWED FORMICONE'S POST ARE RELEVANT EVIDENCE FOR THE JURY TO CONSIDER IN DETERMINING WHETHER THE POST CONSTITUTES A TRUE THREAT.**

To prove a violation of 18 U.S.C. 875(c), the United States must prove, among other things, that the defendant's statement constituted a "true threat." The jury instruction establish that "a "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of injury or another person being injured." As the

11th Circuit held in *United States v. Alaboud*, "the recipient's belief that the statements are a threat is relevant in the inquiry of whether a reasonable person would perceive the statement as a threat." *United States v. Alaboud*, 347 F. 3d 1293, 1297 (11th Cir. 2003), *overruled on other grounds by Elonis,* 575 U.S. at 726. A witness' testimony concerning his or her perception of Formicone's post will appropriately aid the jury in its evaluation of the case.

Relatedly, the effect that Formicone's statement had on the agents investigating the case is relevant to explain the agents' actions and the trajectory of the investigation. Those agents should be allowed to describe their perception of the charged post and to articulate the context of the threat. Turning again to *Alaboud*, the 11th Circuit held that "the fact-finder must look at the context in which the communication was made to determine if the communication was made to determine if the communication would cause a reasonable person to construe it as a serious intention to inflict bodily harm." To the extent that the witnesses' testimony extends to their evaluations of Formicone's statement in a professional context, they would not be asked to render an ultimate opinion as to whether the post constituted a true threat. Rather, they would offer permissible lay opinion testimony based upon their professional experience investigating threats cases. As the 11th Circuit held in *United States v. Williams*, "a witness is permitted to deliver a lay opinion testimony based on his professional experiences as long as the testimony is 'rationally based on' those experiences, rather than on scientific or technical knowledge." *United States v. Williams*, 865 F.3d 1328 (2017).

Witness testimony contextualizing Formicone's threat and articulating their perception of the post is highly probative, with very little risk of undue prejudice or confusion for the jury. The ultimate determination as to whether Formicone's statement is a true threat belongs to the jury alone. The jury should not be deprived of evidence that would appropriately assist them in their deliberations; rather, they should make that decision fully apprised of the impact and context of Formicone's words.

## VI.    CONCLUSION

For the reasons explained above, the Court should deny the defendant's Motion in Limine.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:    /s/ *Muriel R. Moore*
       Assistant United States Attorney
       Florida Bar No. 1011059
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Muriel.Moore@usdoj.gov

3

**U.S. v. Gregory Formicone**          **Case No. 8:25-cr-557-JLB-AEP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ *Muriel R. Moore*
Assistant United States Attorney
Florida Bar No. 1011059
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Muriel.Moore@usdoj.gov

4