UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:25-cr-557-JLB-AEP

GREGORY FORMICONE

### UNITED STATES' ADDENDUM TO DOC. 51, NOTICE AND MOTION IN LIMINE TO ALLOW EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

The United States, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, provides notice and moves in limine to introduce evidence of other crimes, wrongs, or acts, under Federal Rules of Evidence Rule 404(b).

Gregory Formicone is charged with interstate communication of a threat to injure another person, in violation of 18 U.S.C. § 875(c). The offense is alleged to have occurred on or about October 20, 2025.

In addition to the four statements identified in Doc. 51, the United States seeks to offer the following statement posted by Formicone:

- October 22, 2025, 00:23:02 A.M. UTC: "Comey might think he's safe if he skates but he will indeed be hunted down like a ferrel pig."

This statement is appropriately understood as intrinsic to the charged threat. In the alternative, it is relevant to establish Formicone's knowledge, motive,

purpose, and intent, and to prove that the threat was not posted by accident or mistake

### Position of Defense Counsel

Undersigned counsel has conferred with counsel for the defense, David Little, who objects to the admission of the above statement.

### Legal Memorandum

Evidence of criminal activity other than the charged offense is not extrinsic and falls outside the scope of Rule 404(b) when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Evidence is inextricably intertwined when it tends to corroborate, explain, or provide necessary context for evidence regarding the charged offense. *See United States v. Bush*, 673 F. App'x 947, 950 (11th Cir. 2016) (unpublished opinion finding trial court's admission of uncharged controlled drug buys was not error as it was intrinsic evidence to charged offense of possession with intent to distribute). Formicone's comment threatening to "hunt" Comey if he "skates" can appropriately be understood as one combined threat with the October 20 comment. It was published on the same platform; it references the same

subject, James Comey; and it employs some of the same distinctive phrasing ("if he skates"). It was also published close in time to the charged threat. 00:23:02 A.M. UTC on October 22, 2025, is roughly 7:23 P.M. EST on October 21, 2025—the day after the charged threat was posted. In it, Formicone communicates the same message to the same audience with the same intent.

If the Court determines that the evidence is not intrinsic, the evidence should be admitted under Rule 404(b). In support of this motion, undersigned counsel relies upon the legal argument previously put forward in Doc. 51. Defense counsel is not prejudiced by this addendum to the prior notice; defense has been on notice of this statement, which was provided in discovery on July 13. As outlined above, the statement occurs within 24 hours of the charged threat, on the same platform, using the same words to threaten the same man. In the statement, Formicone reiterates his intention to harm James Comey. His words offer proof of his state of mind, further establishing his intention to communicate a threat against James Comey that would be taken seriously by individuals who viewed his statements. By posting that "Comey might think he's safe" but "will be hunted down like a ferrel pig," Formicone doubled down on his threat, strengthening the reasonable perception of him as someone who genuinely intended to harm Comey and was making plans to do

so. This additional comment would have great probative value and does not present a meaningful risk of unfair prejudice. Any risk of unfair prejudice can be reduced by the Court providing the limiting instruction from the Eleventh Circuit's pattern instructions, previously referenced in Doc. 51.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ Muriel R. Moore
Muriel R. Moore
Assistant United States Attorney
Florida Bar No. 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: muriel.moore@usdoj.gov

**U.S. v. Gregory Formicone**          **Case No. 8:25-cr-557-JLB-AEP**

### CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Muriel R. Moore*
Muriel R. Moore
Assistant United States Attorney
Florida Bar No. 1011050
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: muriel.moore@usdoj.gov