UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-557-JLB-AEP

GREGORY FORMICONE

# UNITED STATES' SENTENCING MEMORANDUM

Gregory Formicone used Disqus, a social media platform that operates in interstate commerce, to publish a threat against James Comey, the former FBI Director, on The Gateway Pundit, a politically oriented website. The United States files this sentencing memorandum requesting that this Court impose a guidelines sentence of 18 months in the custody of the Bureau of Prisons, followed by three years of supervised release. This sentence is within the recommended guideline range. It is sufficient but not greater than necessary to achieve the goals of sentencing and to provide adequate deterrence against future criminal conduct.

## I. Background

On October 26, 2025, the FBI's National Threat Operations Center (NTOC) received a tip reporting numerous threatening statements posted in the comments section of The Gateway Pundit, a conservative news site, using the online platform Disqus. The comments reported included threats against government officials and judges whose views Formicone disagreed with. Many of the articles Formicone commented on referenced then-President Biden's family and policies, as well as government officials specifically identified as Biden appointees.

The comment for which Formicone was ultimately convicted was made on just such an article. The headline Formicone commented on read, “NEW: Biden Judge Gives James Comey His First Win.” Formicone commented, “If he skates and walks on the beach again, he’s going down! We already have a team on it. Time for the American people to administer justice!” Another example is a comment Formicone posted on an article entitled, “BREAKING: Biden Judge Gives Letitia James Her First Court Win,” in which Formicone stated, “If they let both of them off the hook, every fn [sic] person involved in the fix will definitely be pushing daisies. We have had enough and the communist activist judges will be exterminated! Civil war will very soon ensue and all of these judges will be the first to go. 78,000 armed to the teeth patriots are ready to take this country back at the call sign. Don’t believe me, sit back and watch!”

James Comey was a particular focus of Formicone’s online vitriol. In addition to the threat Formicone made and was convicted of, he posted other politically motivated, threatening comments about Comey. Approximately one month before he posted the threat against Comey, Formicone commented on a Gateway Pundit article about “Trump-Hating Former CIA Chief John Brennan.” In his comment, Formicone stated, “Brennan and Comey are average citizens now. Their safety is not guaranteed.” On October 21, 2025, the day after Formicone posted the threat for which he was convicted, Formicone posted another comment on The Gateway Pundit: “Comey might think he’s safe if he skates but he will indeed be hunted down like a ferrel pig.”

After the first threats were reported to NTOC, they were promptly referred to FBI Sarasota for investigation. Within days, FBI agents had identified Formicone, interviewed the witness who initially reported Formicone's comments to the FBI, and authored a complaint seeking Formicone's arrest. The complaint was signed on November 4, 2025, just eight days after Formicone's conduct was reported to NTOC. Formicone was arrested early the next morning.

On December 4, 2025, a federal grand jury sitting in the Middle District of Florida returned an indictment charging Formicone with one count of interstate communication of a threat to injure in violation of 18 U.S.C. § 875(c). On August 5, 2026, Formicone's trial began. After a two-day trial, a jury found Formicone guilty as charged. His sentencing hearing is scheduled for November 3, 2026.

## II. Presentence Investigation Report

The United States Probation Office has determined that Formicone's guideline term of imprisonment range is 18 to 24 months. PSR ¶ 60. Formicone's base offense level is 12. PSR ¶ 14. Probation appropriately added three offense levels because of the victim's status as a former government official. PSR ¶ 16. Formicone's total adjusted offense level is 15. He has a criminal history category of I. PSR ¶ 60. The maximum term of imprisonment is five years. PSR ¶ 59. Formicone is eligible for not less than one and not more than five years of probation. PSR ¶ 65. The guideline term of supervised release is not more than three years. PSR ¶ 63.

## III. Defense's Guidelines Objections

Defense argues that Formicone should be considered a zero-point offender

because his threat was not a "credible threat." In service of that argument, defense relies upon the jury instruction given to the jury advising that the defendant need not have actually planned to execute the threat in order to be guilty. It is true that there was no evidence of Formicone taking action in service of his threats. However, Formicone clearly intended for his threats to be taken seriously. The witness' reaction to his words and law enforcement's rapid response to his threats all militate against treating his threats as not "credible."

Defense also argues that Formicone's threats against James Comey were not motivated by Comey's status as a former government official. That argument is plainly countered by Formicone's own statements. His hatred of Comey was based on Comey's association with the Biden administration and his national prominence as the former Director of the FBI. There is no personal connection between Comey and Formicone; Formicone's grievances were political in nature and entirely related to Comey's government service. The United States concurs with Probation's calculation of Comey's base offense level as 15.

## IV. United States' Sentencing Recommendation

The United States submits that a guidelines sentence of 18 months in the custody of the Bureau of Prisons, followed by three years of supervised release, is sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2). This sentence will protect the public from future crimes by the defendant, promote respect for the law, provide a just punishment, and adequately deter future criminal conduct.

While district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 57 (2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

Here, a sentence of 18 months in prison followed by three years of supervised release is the most effective tool the Court has to promote respect for the law, afford adequate deterrence to criminal conduct, protect the public from further crimes committed by Formicone, and provide opportunities for Formicone's rehabilitation.

At the time of the offense, Formicone was a 58-year-old adult. He reported a "fantastic" childhood. He was in a stable, loving marriage. He was retired, living in a home he owned. Despite all of this, Formicone chose to spend his time spewing hatred and self-aggrandizing threats online, lashing out at government officials he disagreed with and his perceived political enemies.

While raging at any suggestion of leniency for politically prominent defendants he disagreed with, Formicone showed no respect for the law in his own online interactions. When law enforcement confronted him about his posts on Disqus, Formicone first lied about his actions, then minimized them. Even now, after being indicted and convicted, Formicone appears to have little insight into the magnitude of his behavior and even less interest in gaining any. He has refused to

sign waivers for pretrial services to complete their background investigation into his employment history, medical history, financial history, and mental health history. A court-ordered evaluation found that Formicone was in need of anger management. While he has complied with the requirement that he attend these sessions, Formicone maintains that he does not need anger management counseling.

In this case, an incarcerative sentence within the guidelines will serve to promote respect for the law, deter similar violations of the law from Formicone and others, and protect the public. Following that sentence with supervised release will provide a structured reintroduction for Formicone, allowing him to participate in recommended rehabilitation, such as mental health counseling. Other appropriate conditions of supervised release would include limitations on Formicone's internet use, such as prohibiting him from using Disqus or other similar platforms; anger management classes; and community service hours. Keeping Formicone under the Court's jurisdiction will keep the community safe by stabilizing and supervising him while requiring him to engage with services.

## V. Conclusion

This Court should sentence Formicone to a guidelines sentence of 18 months in the custody of the Bureau of Prisons, followed by three years of supervised release. The special conditions of supervised release should include anger management, continued participation in mental health treatment, and no use of Disqus or other social media platforms. This sentence would be sufficient but not greater than

necessary, and would meaningfully punish Formicone's conduct, promote respect for the law, protecting the community, and afford an opportunity for structured rehabilitation.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Muriel R. Moore
Muriel R. Moore
Assistant United States Attorney
Florida Bar No. 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: muriel.moore@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

By: /s/ Muriel R. Moore
Muriel R. Moore
Assistant United States Attorney
Florida Bar No. 1011059
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: muriel.moore@usdoj.gov