UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs. Case No: 8:25-Cr-557-JLB-AEP

GREGORY FORMICONE
_______________________________/

**DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED MOTION FOR DOWNWARD VARIANCE**

**COMES NOW**, the Defendant, GREGORY FORMICONE, by and through undersigned counsel, and submits this Memorandum and Motion for Downward Variance, and respectfully requests that the Court impose a sentence below the advisory guideline range. In support, Mr. Formicone sets forth the following:

The sentencing process requires an individualized assessment of the defendant and the offense conduct, guided by the factors set forth in 18 U.S.C. §3553(a). Mr. Formicone comes before the Court as a first-time offender who has lived nearly six decades without any criminal convictions, arrests, or other criminal conduct. He has maintained meaningful and legitimate employment throughout his adult life, established a stable family life, has been compliant with court-ordered supervision, and demonstrated a commitment to addressing the personal challenges arising from this case.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Perhaps the most significant indicator of Mr. Formicone's character is what is absent from his record. The Presentence Report assigns him a criminal history score of zero and places him in Criminal History Category I. The report further reflects that not only does Mr. Formicone have zero criminal history points, but he has also never actually had any contact with the criminal justice system. This history strongly suggests that the instant offense is an aberration rather than evidence of a lifelong pattern of unlawful behavior.

Mr. Formicone was raised in a stable, middle-class household by both parents and describes his childhood as positive and supportive and he continues to maintain close relationships with his family. He has been married to his current wife since 2013 and resides with her in their home in Bradenton, Florida. These longstanding family connections provide the type of support structure that would likely reduce the risk of future misconduct and promoting successful rehabilitation.

### Meaningful and Productive Employment History

For decades, Mr. Formicone has maintained steady employment. His work history includes positions as a home inspector, food inspector, warehouse and production employee, and other responsible occupations. He worked continuously throughout his adult life before retiring in 2024. His employment record reflects a person who has contributed to his community through honest work rather than one who has lived outside societal norms. He has contributed as a productive member of

society and would continue to lead a productive life following sentencing in this matter.

**Medical and Personal Circumstances**

Mr. Formicone suffers from hypertension for which he is prescribed medication and significant hearing loss requiring a hearing aid. He also sustained a serious hand injury that required multiple surgeries and continues to cause pain, numbness, arthritis, and diminished grip strength. Mr. Formicone will likely need continued treatment on his hand. These physical limitations are legitimate sentencing considerations and make incarceration more burdensome for him than for a healthier individual.

**Compliance and Rehabilitation**

Mr. Formicone has participated in counseling, including anger-management counseling, and remains compliant with the conditions imposed by pretrial services. The counseling has assisted him in coping with the stress and consequences of this case. Mr. Formicone has demonstrated meaningful steps toward rehabilitation and self-improvement and recognizes the serious consequences of his actions in this case.

**THE SECTION 3553(a) FACTORS SUPPORT LENIENCY**

The collateral consequences already experienced by Mr. Formicone have been substantial. He has lived under the weight of federal prosecution, has been subjected to home confinement since November 2025, and has endured the emotional and

reputational impact associated with a federal criminal case. Mr. Formicone has become a convicted felon, and for a first-time offender of his age and background, these consequences are significant punishment in their own right.

**Deterrence**

Achieving deterrence in this case does not require a custodial sentence. When viewing Mr. Formicone's background, there is a low risk of recidivism. The experience of federal prosecution itself serves as a powerful deterrent. A supervisory sentence, rather than incarceration, would adequately reinforce the seriousness of the Court's judgment without imposing punishment greater than necessary to accomplish both general and specific deterrence.

**Protection of the Public**

Nothing in this case suggests that Mr. Formicone presents a danger to the public. Mr. Formicone has been on pretrial release since the inception of this case. He has been compliant while on pretrial release and the Court has also granted him the ability to be out of his home for a period of time during the day for purposes of exercising.

As set forth above, Mr. Formicone is already engaged in counseling and has demonstrated a willingness to participate in treatment and supervision. Continued counseling and supervision can effectively address any remaining rehabilitative needs without requiring a term of incarceration.

## THE ADVISORY GUIDELINES ARE ONLY ONE FACTOR

The advisory guideline range of 18 to 24 months is only one of several considerations before the Court. The Supreme Court has repeatedly emphasized that district courts may vary from the Guidelines where the unique circumstances of the defendant warrant a different sentence. As set forth above, the numerous mitigating factors present in this case are as follows:

- No criminal history whatsoever.
- Strong family support.
- Significant medical issues.
- Meaningful and productive employment history.
- Compliance with supervision.
- Participation in counseling.
- Advanced age relative to many federal defendants.

Taken together, based on the facts of this case, these factors support a sentence below the advisory guideline range.

## MOTION FOR DOWNWARD VARIANCE

For all of the foregoing reasons, Mr. Formicone respectfully requests that the Court vary downward below the advisory guideline range and impose a sentence of probation, with all conditions of supervision the Court deems appropriate.

Such a sentence would satisfy the purposes of §3553(a), appropriately reflect the seriousness of the offense, promote respect for the law, provide just punishment, and account for Mr. Formicone's otherwise law-abiding life.

RESPECTFULLY SUBMITTED,

*/s/ David E. Little*
DAVID E. LITTLE, ESQUIRE

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Elizabeth M. Warren, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 27th day of October, 2026.

*/s/ David E. Little*
DAVID E. LITTLE, ESQUIRE
Brown Doherty Little
9600 Koger Blvd. N., Ste. 235
St. Petersburg, FL 33702
(727) 299-0099, Ext. 2
FBN 0089124
david@lawbdl.com